IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WELLS FARGO BANK,            )
NATIONAL ASSOCIATION,     )
                               )
     Plaintiff,               )
                               )
v.                           )     Civil Action No. 3:10CV829–HEH
                               )
MORTON & MORTON, LLC,      )
BERTRAND MORTON, and      )
SANDRA T. MORTON         )
                               )
     Defendant.            )

## MEMORANDUM OPINION
### (Plaintiff's Motion for Summary Judgment)

This matter is before the Court on Wells Fargo's Motion for Summary Judgment,

filed on February 2, 2011, as to its claim against Defendants Bertrand Morton and Sandra

T. Morton. Wells Fargo has submitted a memorandum of law in support of its position.

Bertrand and Sandra Morton, proceeding *pro se*, have not submitted any opposition to

Wells Fargo's motion. The Court will dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the Court, and oral

argument would not aid in the decisional process. For the reasons stated below,

Plaintiff's motion will be granted.

## I.

This is an action by Wells Fargo to recover money damages resulting from a

default on a loan issued to Morton & Morton, LLC. The undisputed facts are as follows.

On February 8, 2008, Bertrand Morton signed a promissory note on behalf of Morton &

Morton, LLC for $312,000.00 with Wachovia Bank in Roanoke, Virginia.[1] On

September 26, 2008, several months after execution of the promissory note, Bertrand and

Sandra T. Morton (collectively the "Guarantors") signed an Unconditional Guaranty for

the payment and performance of all obligations owed by Morton & Morton, LLC in the

event of default on the repayment of the loan.

Morton & Morton, LLC subsequently defaulted on the loan by failing to make the

required payments. Upon default, Wells Fargo demanded that the Guarantors repay the

loan, as required by the Unconditional Guaranty agreement. The Guarantors failed to

repay the loan when the demand was made.

As a result, on November 12, 2010, Wells Fargo filed this action seeking at least

$315,898.58, jointly and severally, from Morton & Morton, LLC and the Guarantors.

The Guarantors filed an Answer on February 18, 2011, in which they deny individual

liability for the debt. Plaintiff filed a Motion for Summary Judgment on February 2,

2011 against the Guarantors, seeking $331,949.00, which consists of unpaid principal in

the amount $297,927.01, accrued and unpaid interest in the amount of $23,040.63,

accrued and unpaid late fees in the amount of $1,427.45, prepayment fees in the amount

of $2,979.27, attorneys' fees in the amount of $1,827.25, and litigation expenses in the

amount of $4,747.39.[2]

---

[1] Wells Fargo is the successor by virtue of its merger with Wachovia Bank.

[2] Plaintiff moved for default against Morton & Morton, LLC, which was entered by the Clerk on
March 7, 2011. Plaintiff moved for default judgment against Morton & Morton, LLC on March
10, 2011. That Motion was granted on April 1, 2011 by Order of this Court.

## II.

A court will grant summary judgment only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248–49, 106 S. Ct. at 2510 (internal quotations omitted). Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). A party opposing summary judgment must set forth evidence supporting its position

through depositions, answers to interrogatories, admissions, and affidavits, if any. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (internal quotations omitted).

## III.

Under Virginia law, a guaranty is an independent contract in which the guarantor agrees to assume responsibility for the debt in the event of the primary obligor's failure to pay. *McDonald v. Nat'l Enters., Inc.*, 262 Va. 184, 189, 547 S.E.2d 204, 207 (2001). In order to recover on the guaranty, Wells Fargo must prove: the existence and ownership of the guaranty contract; the terms of the primary obligation; default on that obligation by the debtor; and nonpayment of the amount due from the guarantor under the terms of the guaranty contract. *Id.* In considering summary judgment of contractual disputes, the Fourth Circuit has held that "[o]nly an unambiguous writing justifies summary judgment .... The first step for a court asked to grant summary judgment based on a contract's interpretation is, therefore, whether, as a matter of law, the contract is ambiguous on its face." *World-Wide Rights Ltd. v. Combe Inc.*, 955 F.2d 242, 245 (4th Cir. 1992). If the court "determines that the contract is unambiguous on the dispositive issue, it may then properly interpret the contract as a matter of law and grant summary judgment because no interpretive facts are in genuine issue." *Id.*

The contract at issue here is the Unconditional Guaranty. Wells Fargo has produced a copy of the contract, signed by Bertrand Morton on October 3, 2008, and Sandra T. Morton on October 14, 2008. Each signature was separately notarized, and the Guarantors do not dispute the authenticity of the contract.

There is no question that the Unconditional Guaranty is unambiguous. The contract states that "Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of Borrower to Bank ... under any notes, [or] loan agreements." (Compl. Ex. 1, at 1, ECF No. 1-1.) The contract also clearly identifies Morton & Morton LLC as "the Borrower," Bertrand and Sandra Morton as "the Guarantors," and Wachovia Bank as "the Bank." The Guarantors have raised no objections as to the ambiguity of the contract. The Court therefore finds the contract to be unambiguous as a matter of law.

In support of its motion for summary judgment, Wells Fargo submitted a copy of the Promissory Note signed by Bertrand Morton, the Unconditional Guaranty signed by Bertrand and Sandra Morton, and an affidavit from one of Wells Fargo's Assistant Vice Presidents setting forth $331,949.00 as the total amount owed by the Guarantors.[3] Through these documents and its statement of undisputed facts set forth in its memorandum in support of summary judgment, Wells Fargo has established the

---

[3] This figure includes attorneys' fees and litigation expenses. Under the Unconditional Guaranty, the Guarantors agreed to pay reasonable expenses incurred to enforce or collect the guaranteed obligation, including attorneys' fees. Wells Fargo submits uncontroverted evidence, by affidavit of bank employee Brian Werner, that attorneys' fees amount to $1,827.25 and related expenses amount to $4,747.39.

existence and ownership of the guaranty contract, the terms of the primary obligation,

default on the obligation by Morton & Morton, LLC, and nonpayment of the amount due

from the Guarantors under the terms of the Unconditional Guaranty. These documents

and facts form the basis of Wells Fargo's claim and stand uncontroverted.[4]

The Court is satisfied that Wells Fargo has set forth adequate, uncontroverted

evidence to satisfy its burden of demonstrating that no material facts are in dispute. The

undisputed evidence satisfies the requisite elements of the breach of guaranty claim, and

summary judgment is therefore appropriate.

## IV.

For the reasons stated above, Plaintiff's Motion for Summary Judgment is granted.

An appropriate Order will accompany this Memorandum Opinion.

_/s/_

Henry E. Hudson
United States District Judge

Date: _April 1, 2011_
Richmond, VA

---

[4] Bertrand and Sandra Morton's Answer denies that they are liable for the loan pursuant to the Unconditional Guaranty. However, the standard for summary judgment articulated by the Supreme Court in _Anderson v. Liberty Lobby_, 477 U.S. 242, 106 S. Ct. 2505 (1986), requires a party to present specific facts to show that there is a material issue for trial. Mere denials set forth in a pleading are not enough to create a genuine issue of material fact needed to defeat a motion for summary judgment. _Anderson_, 477 U.S. 242, 248-49, 106 S. Ct. at 2510.